UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARC S. KIRSCHNER, as the Trustee of the Refco Litigation Trust,<br><br>　　　　　　Plaintiff,<br>v.<br><br>MKK LIMITED, a Republic of Ireland Corporation, THE DARETTO FOUNDATION, a Liechtenstein entity, and JOHN DOES, individuals.<br><br>　　　　　　Defendants. | Civil Case No.<br>07-647-SLR<br><br>Re: Docket No. 4 |

## RESPONSE TO ORDER TO SHOW CAUSE

Marc S. Kirschner (the "Refco Trustee"), as Court-approved Trustee for the Refco Litigation Trust (the "Trust"),[1] by and through the undersigned counsel, files this Response to Order to Show Cause pursuant to the Court's order of April 21, 2008.

## ARGUMENT

Since the filing of the above-captioned action, the Refco Trustee has diligently investigated the location of MKK Limited and The Darretto Foundation, both non-United States entities. Only recently has the Refco Trustee discovered the location of MKK Limited and effected service pursuant the Hague Convention. The certificate of service was filed with this Court on April 30, 2008. Despite the retention of an investigator, the Refco Trustee has been unable to locate The Daretto Foundation, which appears to be an unregistered Lichtenstein entity. The Refco Trustee continues to

---

[1] The Trust is the duly authorized representative to commence all claims and causes of action formerly owned by the bankruptcy estates of Refco Inc. and certain of its subsidiaries pursuant to the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries, as confirmed by the United States Bankruptcy Court for the Southern District of New York on December 15, 2006.

actively investigate the Daretto Foundation's location.

Although service on a foreign defendant must comport with Federal Rule of Civil Procedure 4(f), which expressly states that Federal Rule of Civil Procedure 4(m) and the 120 day time limit set forth therein does not apply to service on foreign defendants, to the extent that Federal Rule of Civil Procedure 4(m) applies and requires the Refco Trustee to serve its complaint within 120 days of filing, good cause exists to extend the time for the Refco Trustee to serve The Daretto Foundation because the Refco Trustee has diligently investigated the location of MKK Limited (and recently served the Complaint) and continues to investigate the location of The Daretto Foundation so to properly effectuate service. Accordingly, the above-captioned action should not be dismissed and the time to serve The Daretto Foundation should be extended such that the Refco Trustee may complete its investigation and effectuate service pursuant to the Hague Convention.

[REMAINDER OF THE PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

**WHEREFORE**, the Refco Trustee requests that the Court not dismiss the above-captioned action for failure to prosecute and, pursuant to the motion filed contemporaneously herewith, extend the time for service of the Complaint on The Daretto Foundation.

Dated: May 14, 2008
      Wilmington, Delaware

                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                      */s/ Thomas F. Driscoll III*
                      Gregory W. Werkheiser (No. 3553)
                      Thomas F. Driscoll III (No. 4703)
                      1201 N. Market Street, 18th Floor
                      P.O. Box 1347
                      Wilmington, Delaware, 19899-1347
                      Telephone:   (302) 658-9200
                      Facsimile:   (302) 658-3989

                                  -and-

                      MILBANK, TWEED, HADLEY & McCLOY LLP
                      Andrew M. Leblanc (*pro hac vice*)
                      One Chase Manhattan Plaza
                      New York, New York 10005
                      Telephone: (212) 530-5000
                      Facsimile: (212) 530-5219

                      **Counsel for Marc S. Kirschner, the Trustee for the Refco Litigation Trust**